

FILED
APR - 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FILED
APR 01 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD ROBERTSON, ) | 08CV1860 |
| Plaintiff, ) | JUDGE ST EVE |
| v. ) | MAG. JUDGE MASON |
| ) | |
| CHICAGO TRANSIT AUTHORITY, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

### COMPLAINT

NOW COMES the Plaintiff, RONALD ROBERTSON, by and through his attorney, Law Offices of Teresa Searcy Woods, P.C., and complains of the Defendant, CHICAGO TRANSIT AUTHORITY, as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343(a)(3) and (4) and 28 U.S.C. 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. 2000e et seq. ("Title VII"). Declaratory relief is sought under 28 U.S.C. 2201 and 2202.

2. Venue is proper under 28 U.S.C. 1391(b)(1) and (2).

### II. PARTIES AND ADMINISTRATIVE PROCEEDINGS

3. Plaintiff, Ronald Robertson, is a black male citizen of the United States and a resident of Cook County, Illinois in the Northern District of Illinois. He was employed by the Defendant from December 6, 1986 until May 22, 2005 during the times relevant to the allegations set forth in this Complaint. Plaintiff was reinstated in January 2007 pursuant to an arbitration decision after an arbitrator conducted a hearing and is presently so employed.

4. At all relevant times, Defendant, was an Illinois municipal corporation, and is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C.

2000e(b), since it employs in excess of fifteen employees.

5.   Plaintiff filed a Charge of Discrimination with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC") on June 22, 2005. The EEOC issued a Determination finding "that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party and a class of individuals, based on their race, Black, and based on retaliation for engaging in protected activity by subjecting them to different terms and conditions of employment, harassment, and/or termination, in violation of Title VII". Plaintiff received a "Notice of Right to Sue " from the Chicago District Office of the EEOC dated January 2, 2008, entitling Plaintiff to institute a civil action in the appropriate forum within 90 days of the date of the receipt of the said Notice. This action was instituted within said ninety (90) day period.

## COUNT I- TITLE VII- RACE DISCRIMINATION-HARASSMENT
## AND DISPARATE TREATMENT

6.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 5 as though fully stated and realleged herein.

7.   Plaintiff was hired by Defendant at its South Shops on or about December 6, 1986, as a Sheet Metal Worker and has performed his job in a satisfactory manner.

8.   Plaintiff was a member of Local 73 S.M.W.I.A., A.F.L. C.I.O. union during the times relevant to the allegations.

9.   Plaintiff was harassed and subjected to different terms and conditions of employment than White employees since 1998 up to the time of his discharge on March 22, 2005.

10. During all times that Plaintiff alleges discrimination, Plaintiff reported to David Harlan, ("Harlan"), white male, Sheet Metal Foreman.

11. During all times that Plaintiff alleges discrimination, Harlan supervised eight sheet metal worker employees, two of which, including the Plaintiff were black.

12. From 1998 to 2005, Plaintiff and the other black employee was harassed and subjected to different terms and conditions of employment by Harlan than White employees, including but not limited to in which Plaintiff and the other black employee were constantly followed around, harassed and received write up for minor infractions.

13. From 1998 to 2005, Plaintiff and the other black employee was constantly receiving write ups for minor infractions by Harlan and were the only employees that Harlan supervised that received write ups.

14. Harlan has only written up or caused to be written up, one white male on one occasion during the time he supervised Plaintiff.

15. From 1998 to 2005, Plaintiff and the other black employee was constantly followed by Harlan whenever they went to the washroom and went out of the work area and were the only employees that Harlan supervised that Harlan followed.

16. From 1998 to 2005, Plaintiff and the other black employee was constantly harassed by Harlan on matters including but not limited to, attendance, lunch breaks, work performance, and telephone calls and were the only employees that Harlan supervised that were harassed by Harlan regarding attendance, lunch breaks, work performance, telephone calls and other matters.

17. From 1998 up until the time that Plaintiff was discharged, Plaintiff filed numerous grievances complaining of racial harassment and discrimination.

3

18. From 2000 up until the time that Plaintiff was discharged, Plaintiff notified Defendant's Affirmative Action Department and complained of racial harassment and discrimination.

19. In or about 2000 Defendant's Affirmative Action Department recommended that Harlan be removed from his position.

20. Defendant failed to remove Harlan from his position.

21. n September 17, 2001, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights alleging racial harassment, discrimination, and retaliation.

22. On March 12, 2002, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights alleging retaliation.

23. On May 28, 2002, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights alleging retaliation.

24. On March 1, 2004, Plaintiff began seeking medical attention for depression and anxiety due to the racial harassment and discrimination by Defendant.

25. On September 23, 2004, Harlan wrote up Plaintiff for Poor Work Performance.

26. On December 14, 2004, Harlan wrote up Plaintiff for Tardiness.

27. On February 5, 2005, Harlan wrote up Plaintiff for Absenteeism.

28. On March 17, 2005, Harlan harassed Plaintiff and caused him to be subjected to an alcohol and drug test, which led to Plaintiff's termination.

29. Defendant was aware that from 1998 up until the time that Plaintiff was discharged that Plaintiff t had filed grievances, notified the Affirmative Action Department, and filed charges with the Illinois Department of Human Rights complaining of racial harassment, discrimination, and retaliation.

4

30. Defendant failed to take any action from 1998 up until the time that Plaintiff was discharged regarding Plaintiff complaints of racial harassment and discrimination.

31. Defendant failed to conduct any investigation or failed to conduct an adequate investigation of Plaintiff's complaints of racial harassment and discrimination.

32. Defendant denied all grievances and complaints alleging racial harassment and discrimination.

33. Defendant subjected Plaintiff to different terms and conditions of employment and harassment after Plaintiff complained of racial discrimination and harassment.

34. Defendant created, encouraged, participated and/or ratified Defendant's supervisors, managers and officers racially discriminatory treatment of Plaintiff by allowing Plaintiff's supervisors, managers and officers to continue to harass and subject Plaintiff and the other black employee to different terms and conditions of employment and by refusing to transfer Plaintiff or reprimand Harlan.

35. Defendant engaged in a pattern and practice of discrimination by allowing Plaintiff's supervisors, managers and officers from 1998 up until the time that Plaintiff was discharged to harass and subject Plaintiff and the other black employee to different terms and conditions of employment and by refusing to transfer Plaintiff or reprimand Harlan.

36. Defendant transferred Harlan to another unit upon Plaintiff's reinstatement.

37. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of his race, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

38. As a result of the afore alleged wilful and reckless acts or omissions of Defendant,

Plaintiff has suffered damages, including, but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

WHEREFORE, Plaintiff Ronald Robertson, prays for a judgment against Defendant and respectfully requests that this Court:

A. Grant plaintiff a permanent injunction enjoining Defendant, its officers, agents, successors, employees, and assigns and all those persons acting in concert with them and at their discretion, from engaging in any employment policy or practice which discriminates against the Plaintiff on the basis of race or is retaliatory against the Plaintiff because of the Plaintiff exercising rights afforded to him under 42 U.S.C. Section 2000e se seq.

B. Order Defendant to make Plaintiff whole by providing the relief necessary to eradicate the effects of Defendant's unlawful practices including, but not limited to back pay, and prejudgment interest.

C. Order Defendant to pay Plaintiff actual, consequential, punitive and compensatory damages;

D. Order the Defendant to be taxed with the cost of this action, including expert witness fees and reasonable attorney fees for the Plaintiff;

E. Retain jurisdiction over this action to assure compliance with the orders of this Court and with 42 U.S.C. Section 2000e, and require Defendant to file such reports as the Court may deem necessary to evaluate such compliance;

F. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

G. Grant such additional relief that this Court deems just and proper.

**COUNT II- TITLE VII- HOSTILE WORK ENVIRONMENT**

39. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 36 as though fully stated and realleged herein.

40. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of his race, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

41. As a result of the afore alleged wilful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including, but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

WHEREFORE, Plaintiff Ronald Robertson, prays for a judgment against Defendant and respectfully requests that this Court:

A. Grant plaintiff a permanent injunction enjoining Defendant, its officers, agents, successors, employees, and assigns and all those persons acting in concert with them and at their discretion, from engaging in any employment policy or practice which discriminates against the Plaintiff on the basis of race or is retaliatory against the Plaintiff because of the Plaintiff exercising rights afforded to him under 42 U.S.C. Section 2000e se seq.

B. Order Defendant to make Plaintiff whole by providing the relief necessary to eradicate the effects of Defendant's unlawful practices including, but not limited to back pay and prejudgment interest.

C. Order Defendant to pay Plaintiff actual, consequential, punitive and compensatory damages;

D. Order the Defendant to be taxed with the cost of this action, including expert witness fees and reasonable attorney fees for the Plaintiff;

E. Retain jurisdiction over this action to assure compliance with the orders of this Court

7

and with 42 U.S.C. Section 2000e, and require Defendant to file such reports as the Court may deem necessary to evaluate such compliance;

F.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

G.  Grant such additional relief that this Court deems just and proper.

## COUNT III- TITLE VII- RETALIATION

42. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 36 as though fully stated and realleged herein.

43. From 1998 up until the time of his discharge, Plaintiff had filed numerous grievances with Defendant, notified Defendant's Affirmative Action Department and filed charges with the Illinois Department of Human Rights complaining of racial harassment and discrimination and retaliation.

44. As a result of Plaintiff engaging in protected activity, Defendant retaliated against Plaintiff by subjecting Plaintiff to different terms and conditions of employment and by harassing Plaintiff.

45. As a result of Plaintiff engaging in protected activity Defendant retaliated against Plaintiff by harassing Plaintiff on March 17, 2005 and caused him to be subjected to an alcohol and drug test, which led to Plaintiff's termination.

46. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

47. As a result of the afore alleged wilful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including, but not limited to, lost and foregone wages and benefits,

8

and physical and emotional harm.

WHEREFORE, Plaintiff Ronald Robertson, prays for a judgment against Defendant and respectfully requests that this Court:

    A.    Grant plaintiff a permanent injunction enjoining Defendant, its officers, agents, successors, employees, and assigns and all those persons acting in concert with them and at their discretion, from engaging in any employment policy or practice which discriminates against the Plaintiff on the basis of race or is retaliatory against the Plaintiff because of the Plaintiff exercising rights afforded to him under 42 U.S.C. Section 2000e se seq.

    B.    Order Defendant to make Plaintiff whole by providing the relief necessary to eradicate the effects of Defendant's unlawful practices including, but not limited to, back pay and prejudgment interest

    C.    Order Defendant to pay Plaintiff actual, consequential, punitive and compensatory damages;

    D.    Order the Defendant to be taxed with the cost of this action, including expert witness fees and reasonable attorney fees for the Plaintiff;

    E.    Retain jurisdiction over this action to assure compliance with the orders of this Court and with 42 U.S.C. Section 2000e, and require Defendant to file such reports as the Court may deem necessary to evaluate such compliance;

    F.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

    G.    Grant such additional relief that this Court deems just and proper.

    Respectfully submitted,

RONALD ROBERTSON


By:   /s/ Teresa Woods
Law Offices of Teresa Searcy Woods, P.C,
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
(312) 558-3200
#6209994


**JURY DEMAND**

Plaintiff, Ronald Robertson, demands trial by jury in this cause.

By: _Shanna Sandy_ /Shanna Sandifer
Attorney for Plaintiff

Paralegal for Law Offices of Teresa Searcy Woods, P.C.

Law Offices of Teresa Searcy Woods, P.C,
Teresa Searcy Woods
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
(312) 558-3200
#6209994