IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| RONALD ROBERTSON, | ) | | |
| Plaintiff, | ) | | |
| v. | ) | NO. | 08 C 1860 |
| | ) | | |
| CHICAGO TRANSIT AUTHORITY, | ) | Judge Amy St. Steve | |
| | ) | | |
| Defendant. | ) | Magistrate Judge Mason | |

### PLAINTIFF'S FEDERAL RULE OF CIVIL PROCEDURE 26 (a) (1) INITIAL DISCLOSURES

NOW COMES the Plaintiff, Ronald Robertson, by and through his Attorney, Law Offices of Teresa Searcy Woods, P.C., and pursuant to Federal Rule of Civil Procedure 26(a)(1), makes his initial disclosures as follows. These disclosures are made based on the information currently available. Plaintiff reserve the right to revise or supplement these disclosures as discovery progresses.

**Rule 26(a)(1)(A):** The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

1. Michele Bradley, an employee of the Chicago Transit Authority, has knowledge of the harassment, disparate treatment and work environment that Plaintiff and other non-White employees were subjected to.

2. John Steif, a former employee of the Chicago Transit Authority, has knowledge of the harassment, disparate treatment and work environment that Plaintiff and other non-White employees were subjected to.

3. Dan Marrera, a former employee of the Chicago Transit Authority, has knowledge of the harassment, disparate treatment and work environment that Plaintiff and other non-White employees were subjected to.

4. John Earnst, an employee of the Chicago Transit Authority, has knowledge of the harassment, disparate treatment and work environment that Plaintiff and other non-White employees were subjected to.

5. Billy O'Connor , an employee of the Chicago Transit Authority, has knowledge of the harassment, disparate treatment and work environment that Plaintiff and other non-White employees were subjected to.

6. John Agrilla, a former employee of the Chicago Transit Authority, has knowledge of the harassment, disparate treatment and work environment that Plaintiff and other non-White employees were subjected to.

**Rule 26(a)(1)(B):** A copy of, or a description by category and location of, all documents, date compilations, and tangible things that are in possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

1. Write ups regarding Michele Bradley (fka Michele Dean), 1998.

2. Write ups regarding Plaintiff, 1998.

3. Grievances and response to Grievances regarding Michele Bradley (fka Michele Dean), 1998.

4. Grievances and response to Grievances regarding Plaintiff, 1998.

5. Grievances and response to Grievances regarding Plaintiff, 2000.

6. Request for Change of Vacation Selection, 2000.

7. Grievances and response to Grievances regarding Plaintiff, 2001.

8. Handwritten notes by Plaintiff, 2001.

9. Charge filed with the Equal Employment Opportunity Commission, 2001.

10. Grievances and response to Grievances regarding Plaintiff, 2002.

11. Amended Charge filed with the Equal Employment Opportunity Commission, 2002.

12. Complaint filed with Affirmative Action Unit, 2002.

13. Handwritten notes by Plaintiff, 2002.

14. Grievance regarding Michele Bradley, 2003.

15. Report of Injury on Duty regarding Plaintiff, 2004.

16. Physician letter regarding Plaintiff, 2004.

17. Grievance and documents related to grievance regarding Plaintiff, 2005.

18. Hospital Summary and Discharge Report, 2005.

19. Correspondence between Plaintiff and CTA, 2005.

20. The Equal Employment Opportunity Commission Investigative File, Charge No. 210-2005-06297, Ronald Robertson v. CTA.

21. Transcripts of Arbitration Hearing and Arbitrator Decision, 2006.

**Rule 26(a)(1)(C):**

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of the injuries suffered.

1. Plaintiff seeks actual and compensatory damages. Plaintiff computes actual

damages from date of discharge of March 22, 2005 to date of reinstatement of January 8, 2007. Lost wages including overtime and revised union contract award of retroactive back pay approximately $70,000.00 during 2005 based on Plaintiff's annual salary in 2005. Lost wages including overtime and revised union contract award of retroactive back pay approximately $72,000.00 during 2006 based on Plaintiff's annual salary in 2006. Plaintiff seeks reinstatement of all pension contributions from CTA plus interest from March 22, 2005 to January 8, 2007. Plaintiff seeks compensatory damages for including but not limited to reimbursement for having to take a hardship withdrawal of approximately $24,000.00 from his deferred compensation fund, during the time of separation with CTA and for having to take a hardship withdrawal of approximately $27,000.00 from his pension fund, during the time of separation with CTA.

**Rule 26(a)(1)(D):**

For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

1. Not applicable.

Ronald Robertson

By: /s/_____
Attorney for Plaintiff, Ronald Robinson

Teresa Searcy Woods
Law Offices of Teresa Searcy Woods, P.C,
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
(312) 558-3200
#6209994

CERTIFICATE OF SERVICE

      The undersigned, an attorney, hereby certify that the foregoing Federal Rule of Civil Procedure 26(a)(1), Initial Disclosures was electronically filed on June 10, 2008, which constitutes service to Brad L. Jansen, attorney for Chicago Transit Authority, who is a registered participant of the CM/ECF system..

      /s/ Teresa Woods
Law Offices of Teresa Searcy Woods, P.C,
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
(312) 558-3200
#6209994

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| RONALD ROBERTSON, | ) | | |
| Plaintiff, | ) | | |
| v. | ) | NO. | 08 C 1860 |
| | ) | | |
| CHICAGO TRANSIT AUTHORITY, | ) | Judge Amy St. Steve | |
| | ) | | |
| Defendant. | ) | Magistrate Judge Mason | |

**PLAINTIFF'S FEDERAL RULE OF CIVIL PROCEDURE 26 (a) (1)**
**INITIAL DISCLOSURES**

NOW COMES the Plaintiff, Ronald Robertson, by and through his Attorney, Law Offices of Teresa Searcy Woods, P.C., and pursuant to Federal Rule of Civil Procedure 26(a)(1), makes his initial disclosures as follows.  These disclosures are made based on the information currently available.  Plaintiff reserve the right to revise or supplement these disclosures as discovery progresses.

**Rule 26(a)(1)(A):**   The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

1. Michele Bradley, an employee of the Chicago Transit Authority, has knowledge of the harassment, disparate treatment and work environment that Plaintiff and other non-White employees were subjected to.

2. John Steif, a former employee of the Chicago Transit Authority, has knowledge of the harassment, disparate treatment and work environment that Plaintiff and other non-White employees were subjected to.

3. Dan Marrera, a former employee of the Chicago Transit Authority, has knowledge of the harassment, disparate treatment and work environment that Plaintiff and other non-White employees were subjected to.

4. John Earnst, an employee of the Chicago Transit Authority, has knowledge of the harassment, disparate treatment and work environment that Plaintiff and other non-White employees were subjected to.

5. Billy O'Connor, an employee of the Chicago Transit Authority, has knowledge of the harassment, disparate treatment and work environment that Plaintiff and other non-White employees were subjected to.

6. John Agrilla, a former employee of the Chicago Transit Authority, has knowledge of the harassment, disparate treatment and work environment that Plaintiff and other non-White employees were subjected to.

**Rule 26(a)(1)(B):** A copy of, or a description by category and location of, all documents, date compilations, and tangible things that are in possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

1. Write ups regarding Michele Bradley (fka Michele Dean), 1998.
2. Write ups regarding Plaintiff, 1998.
3. Grievances and response to Grievances regarding Michele Bradley (fka Michele Dean), 1998.
4. Grievances and response to Grievances regarding Plaintiff, 1998.
5. Grievances and response to Grievances regarding Plaintiff, 2000.
6. Request for Change of Vacation Selection, 2000.

7. Grievances and response to Grievances regarding Plaintiff, 2001.

8. Handwritten notes by Plaintiff, 2001.

9. Charge filed with the Equal Employment Opportunity Commission, 2001.

10. Grievances and response to Grievances regarding Plaintiff, 2002.

11. Amended Charge filed with the Equal Employment Opportunity Commission, 2002.

12. Complaint filed with Affirmative Action Unit, 2002.

13. Handwritten notes by Plaintiff, 2002.

14. Grievance regarding Michele Bradley, 2003.

15. Report of Injury on Duty regarding Plaintiff, 2004.

16. Physician letter regarding Plaintiff, 2004.

17. Grievance and documents related to grievance regarding Plaintiff, 2005.

18. Hospital Summary and Discharge Report, 2005.

19. Correspondence between Plaintiff and CTA, 2005.

20. The Equal Employment Opportunity Commission Investigative File, Charge No. 210-2005-06297, Ronald Robertson v. CTA.

21. Transcripts of Arbitration Hearing and Arbitrator Decision, 2006.

**Rule 26(a)(1)(C):**

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of the injuries suffered.

1. Plaintiff seeks actual and compensatory damages. Plaintiff computes actual

damages from date of discharge of March 22, 2005 to date of reinstatement of January 8, 2007. Lost wages including overtime and revised union contract award of retroactive back pay approximately $70,000.00 during 2005 based on Plaintiff's annual salary in 2005. Lost wages including overtime and revised union contract award of retroactive back pay approximately $72,000.00 during 2006 based on Plaintiff's annual salary in 2006. Plaintiff seeks reinstatement of all pension contributions from CTA plus interest from March 22, 2005 to January 8, 2007. Plaintiff seeks compensatory damages for including but not limited to reimbursement for having to take a hardship withdrawal of approximately $24,000.00 from his deferred compensation fund, during the time of separation with CTA and for having to take a hardship withdrawal of approximately $27,000.00 from his pension fund, during the time of separation with CTA.

**Rule 26(a)(1)(D):**

For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

1. Not applicable.

Ronald Robertson

By: /s/_____
Attorney for Plaintiff, Ronald Robinson

Teresa Searcy Woods
Law Offices of Teresa Searcy Woods, P.C,
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
(312) 558-3200
#6209994