IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 08 CV 1860 |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | Judge Amy St. Eve |
| | ) | |
| Defendant. | ) | Magistrate Judge Mason |
| | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Chicago Transit Authority ("CTA"), by and through its undersigned counsel, answers Plaintiff's Amended Complaint as follows:

**I. JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343(a)(3) and (4) and 28 U.S.C. 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. 2000e et seq. ("Title VII"). Declaratory relief is sought under 28 U.S.C. 2201 and 2202.

**ANSWER:  CTA admits Plaintiff seeks redress under federal law, but denies any violation of law pertaining to Plaintiff's employment at CTA.**

2. Venue is proper under 28 U.S.C. 1391 (b)(1) and (2).

**ANSWER:  CTA admits that venue is proper, but denies any violation of law pertaining to Plaintiff's employment at CTA.**

**II. PARTIES AND ADMINISTRATIVE PROCEEDINGS**

3. Plaintiff, Ronald Robertson, is a black male citizen of the United States and a resident of Cook County, Illinois in the Northern District of Illinois. He was employed by the Defendant from December 6, 1986 until May 22, 2005 during the times relevant to the allegations set forth in this Complaint. Plaintiff was reinstated in January 2007 pursuant to an arbitration decision after an arbitrator conducted a hearing and is presently so employed.

212330v1

**ANSWER:  CTA admits Plaintiff is a black male citizen of the United States who was employed at CTA from December 9, 1986 until March 22, 2005, when CTA discharged him for violating CTA's drug/alcohol policies.  CTA further states that, pursuant to a labor arbitrator's award after arbitration, Plaintiff received pay from CTA beginning January 8, 2007, and reinstatement to active duty at CTA on January 30, 2007.  CTA further admits that Plaintiff is presently so employed.   CTA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.**

4. At all relevant times, Defendant, was an Illinois municipal corporation, and is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. 2000e(b), since it employs in excess of fifteen employees.

**ANSWER:  CTA admits this Court has jurisdiction but denies any violation of law pertaining to Plaintiff's employment at CTA.**

5. Plaintiff filed a Charge of Discrimination with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC") on June 22, 2005.  The EEOC issued a Determination finding "that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party and a class of individuals, based on their ace, Black, and based on retaliation for engaging in protected activity by subjecting them to different terms and conditions of employment, harassment, and/or termination, in violation of Title VII".  Plaintiff received a "Notice of Right to Sue" from the Chicago District Office of the EEOC dated January 2, 2008, entitling Plaintiff to institute a civil action in the appropriate forum within 90 days of the date of the receipt of the said Notice.  This action was instituted within said ninety (90) day period.

**ANSWER:  CTA admits the allegations contained in Paragraph 5, but denies any violation of law pertaining to Plaintiff's employment at CTA.**

### COUNT I – ALLEGED TITLE VII – RACE DISCRIMINATION – HARASSMENT AND DISPARATE TREATMENT CAUSE OF ACTION

6. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 5 as though fully stated and realleged herein.

**ANSWER:  CTA incorporates by reference its answers to Paragraphs 1 through 5 as though fully stated herein.**

7. Plaintiff was hired by Defendant at its South Shops on or about December 6, 1986, as a Sheet Metal Worker and has performed his job in a satisfactory manner.

**ANSWER:  CTA admits it hired Plaintiff on or about December 6, 1986 as a Sheet Metal Worker at its South Shops location.  CTA denies the remaining allegations contained in Paragraph 7.**

8. Plaintiff was a member of Local 73 S.M.W.I.A., A.F.L. C.I.O. union during the times relevant to the allegations.

**ANSWER:  CTA admits the allegations contained in Paragraph 8.**

9. Plaintiff was harassed and subjected to different terms and conditions of employment than White employees since 1998 up to the time of his discharge on March 22, 2005.

**ANSWER:  CTA denies the allegations contained in Paragraph 9.**

10. During all times that Plaintiff alleges discrimination, Plaintiff reported to David Harlan, ("Harlan"), white male, Sheet Metal Foreman.

**ANSWER:  CTA admits the allegations contained in Paragraph 10.**

11. During all times that Plaintiff alleges discrimination, Harlan supervised eight sheet metal worker employees, two of which, including the Plaintiff were black.

**ANSWER:  CTA admits the allegations contained in Paragraph 11.**

12. From 1998 to 2005, Plaintiff and the other black employee was harassed and subjected to different terms and conditions of employment by Harlan than White employees, including but not limited to in which Plaintiff and the other black employee were constantly followed around, harassed and received write up for minor infractions.

**ANSWER:  CTA denies the allegations contained in Paragraph 12.**

13. From 1998 to 2005, Plaintiff and the other black employee was constantly receiving write ups for minor infractions by Harlan and were the only employees that Harlan supervised that received write ups.

**ANSWER:  CTA denies the allegations contained in Paragraph 13.**

14. Harlan has only written up or caused to be written up, one white male on one occasion during the time he supervised Plaintiff.

**ANSWER:  The phrase "only written up or caused to be written up, one white male on one occasion" is vague and ambiguous; therefore, CTA denies the allegations contained in Paragraph 14.**

15. From 1998 to 2005, Plaintiff and the other black employee was constantly followed by Harlan whenever they went to the washroom and went out of the work area and were the only employees that Harlan supervised that Harlan followed.

**ANSWER:  CTA denies the allegations contained in Paragraph 15.**

16. From 1998 to 2005, Plaintiff and the other black employee was constantly harassed by Harlan on matters including but not limited to, attendance, lunch breaks, work performance, and telephone calls and were the only employees that Harlan supervised that were harassed by Harlan regarding attendance, lunch breaks, work performance, telephone calls and other matters.

**ANSWER:  CTA denies that Harlan "harassed" any employees and denies the remaining allegations contained in Paragraph 16.**

17. From 1998 up until the time that Plaintiff was discharged, Plaintiff filed numerous grievances complaining of racial harassment and discrimination.

**ANSWER:  CTA admits that Plaintiff filed union grievances alleging racial harassment and discrimination.  CTA denies the remaining allegations contained in Paragraph 17.**

18. From 2000 up until the time that Plaintiff was discharged, Plaintiff notified Defendant's Affirmative Action Department and complained of racial harassment and discrimination.

**ANSWER:  CTA admits that prior to September 2002 Plaintiff filed four inquiries with CTA's EEO/Affirmative Action Unit, which alleged racial harassment or**

- 4 -

212330v1

discrimination.  Further answering, CTA states that none of the inquiries resulted in a formal complaint.  CTA denies the remaining allegations contained in Paragraph 18.

19.     In or about 2000 Defendant's Affirmative Action Department recommended that Harlan be removed from his position.

**ANSWER:  CTA denies the allegations contained in Paragraph 19.**

20.     Defendant failed to remove Harlan from his position.

**ANSWER:  CTA admits Harlan remains employed as a foreman.  CTA denies the allegations in Paragraph 20 to the extent they assume that CTA's EEO/Affirmative Action Unit ever recommended that Harlan be removed from his position.**

21.     On September 17, 2001, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights alleging racial harassment, discrimination, and retaliation.

**ANSWER:  CTA admits the allegations contained in Paragraph 21.**

22.     On March 12, 2002, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights alleging retaliation.

**ANSWER:  CTA admits the allegations contained in Paragraph 22.**

23.     On May 28, 2002, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights alleging retaliation.

**ANSWER:  CTA admits that on May 28, 2002 Plaintiff filed an amended Charge of Discrimination with the Illinois Department of Human Rights alleging retaliation.**

24.     On March 1, 2004, Plaintiff began seeking medical attention for depression and anxiety due to the racial harassment and discrimination by Defendant.

**ANSWER:  CTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations that on March 1, 2004, Plaintiff began seeking medical attention for depression and anxiety.  CTA denies the remaining allegations contained in Paragraph 24.**

25.     On September 23, 2004, Harlan wrote up Plaintiff for Poor Work Performance.

**ANSWER: CTA admits the allegations contained in Paragraph 25.**

26. On December 14, 2004, Harlan wrote up Plaintiff for Tardiness.

**ANSWER: CTA denies the allegations contained in Paragraph 26.**

27. On February 5, 2005, Harlan wrote up Plaintiff for Absenteeism.

**ANSWER: CTA denies the allegations contained in Paragraph 27.**

28. On March 17, 2005, Harlan harassed Plaintiff and caused him to be subjected to an alcohol and drug test, which led to Plaintiff's termination.

**ANSWER: CTA denies the allegations contained in Paragraph 28.**

29. Defendant was aware that from 1998 up until the time that Plaintiff was discharged that Plaintiff had filed grievances, notified the Affirmative Action Department, and filed charges with the Illinois Department of Human Rights complaining of racial harassment, discrimination, and retaliation.

**ANSWER: CTA admits the allegations contained in Paragraph 29.**

30. Defendant failed to take any action from 1998 up until the time that Plaintiff was discharged regarding Plaintiff complaints of racial harassment and discrimination.

**ANSWER: CTA denies the allegations contained in Paragraph 30.**

31. Defendant failed to conduct any investigation or failed to conduct an adequate investigation of Plaintiff's complaints of racial harassment and discrimination.

**ANSWER: CTA denies the allegations contained in Paragraph 31.**

32. Defendant denied all grievances and complaints alleging racial harassment and discrimination.

**ANSWER: CTA admits that in its responses to Plaintiff's union grievances and Charges of discrimination, CTA denied that it subjected Plaintiff to discrimination, harassment, retaliation or any other unlawful act. CTA further states that Plaintiff did not file any "complaints," and therefore denies the remaining allegations contained in Paragraph 32.**

33. Defendant subjected Plaintiff to different terms and conditions of employment and harassment after Plaintiff complained of racial discrimination and harassment.

**ANSWER: CTA denies the allegations contained in Paragraph 33.**

34. Defendant created, encouraged, participated and/or ratified Defendant's supervisors, managers and officers racially discriminatory treatment of Plaintiff by allowing Plaintiff's supervisors, managers and officers to continue to harass and subject Plaintiff and the other black employee to different terms and conditions of employment and by refusing to transfer Plaintiff or reprimand Harlan.

**ANSWER: CTA denies the allegations contained in Paragraph 34.**

35. Defendant engaged in a pattern and practice of discrimination by allowing Plaintiff's supervisors, managers and officers from 1998 up until the time that Plaintiff was discharged to harass and subject Plaintiff and the other black employee to different terms and conditions of employment and by refusing to transfer Plaintiff or reprimand Harlan.

**ANSWER: CTA denies the allegations contained in Paragraph 35.**

36. Defendant transferred Harlan to another unit upon Plaintiff's reinstatement.

**ANSWER: CTA admits that, after Plaintiff was reinstated, Harlan was transferred to another department. CTA denies the remaining allegations contained in Paragraph 36.**

37. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of his race, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

**ANSWER: CTA denies the allegations contained in Paragraph 37.**

38. As a result of the afore alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including, but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

**ANSWER: CTA denies the allegations contained in Paragraph 38.**

### COUNT II – ALLEGED TITLE VII – HOSTILE WORK ENVIRONMENT CAUSE OF ACTION

39. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 36 as though fully stated and realleged herein.

**ANSWER: CTA incorporates by reference its answers to Paragraphs 1 through 38 as though fully stated herein.**

40.     The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of his race, in violation of the provisions of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. 2000e, et seq.

**ANSWER: CTA denies the allegations contained in Paragraph 40.**

41.     As a result of the afore alleged wilful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including, but limited to, lost and foregone wages and benefits, and physical and emotional harm.

**ANSWER: CTA denies the allegations contained in Paragraph 41.**

### COUNT III – ALLEGED TITLE VII – RETALIATION
### CAUSE OF ACTION

42.     Plaintiff incorporates by references the allegations contained in Paragraph 1 through 36 as though fully stated and realleged herein.

**ANSWER: CTA incorporates by reference its answers to Paragraphs 1 through 41 as though fully stated herein.**

43.     From 1998 up until the time of his discharge, Plaintiff had filed numerous grievances with Defendant, notified Defendant's Affirmative Action Department and filed charges with the Illinois Department of Human Rights complaining of racial harassment and discrimination and retaliation.

**ANSWER: CTA admits that, prior to his discharge on March 22, 2005, Plaintiff filed inquiries with CTA's internal EEO/Affirmative Action Unit, grievances and charges with the Illinois Department of Human Rights alleging racial harassment, discrimination and retaliation.  CTA denies the remaining allegations contained in Paragraph 43.**

44.     As a result of Plaintiff engaging in protected activity Defendant retaliated against Plaintiff by subjecting Plaintiff to different terms and conditions of employment and by harassing Plaintiff.

**ANSWER: CTA denies the allegations contained in Paragraph 44.**

45.     As a result of Plaintiff engaging in protected activity Defendant retaliated against Plaintiff by harassing Plaintiff on March 17, 2005 and caused him to be subjected to an alcohol and drug test, which led to Plaintiff's termination.

**ANSWER:  CTA denies the allegations contained in Paragraph 45.**

46.     The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

**ANSWER**:  **CTA denies the allegations contained in Paragraph 46.**

47.     As a result of the afore alleged wilful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including, but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

**ANSWER:  CTA denies the allegations contained in Paragraph 47.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages because CTA is a municipal corporation.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of discrimination which occurred more than 300 days before he filed his charge of discrimination with the Equal Employment Opportunity Commission are time-barred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims of harassment are barred or any recovery is precluded because CTA exercised reasonable care to prevent and correct any alleged harassing behavior and Plaintiff unreasonably failed to take advantage of CTA's preventive or corrective opportunities or to avoid harm otherwise.

\*            \*            \*

212330v1

WHEREFORE, Defendant Chicago Transit Authority prays that this Court dismiss with prejudice Plaintiff's Amended Complaint, enter judgment against Plaintiff and in favor of CTA, and award CTA its costs as is permitted by law and such other relief as the Court deems just and proper.

>Respectfully submitted,
>CHICAGO TRANSIT AUTHORITY
>
>By: /s/ Judith A. Kelley_____
>　　　Judith A. Kelley, One of Its Attorneys

Dated: July 22, 2008

>Brad L. Jansen
>Judith A. Kelley
>Brigett R. Pawlak
>CHICAGO TRANSIT AUTHORITY
>Law Department
>567 W. Lake Street  6th Floor
>Chicago, IL 60661
>(312) 681-2929
>Fax (312) 681-2995
>jkelley@transitchicago.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on July 22, 2008 she filed electronically Defendant's Answer and Affirmative Defenses to Amended Complaint which constitutes service to Teresa Woods, Esq. who is registered participant of the CM/ECF system.

/s/ Judith A. Kelley
    Judith A. Kelley
    Chief Attorney
    Labor, Policy and Appeals
    Chicago Transit Authority
    Law Department
    567 W. Lake Street
    Chicago, Illinois 60661
    Tel: (312) 681-2929
    Fax: (312) 681-2995
    jkelley@transitchicago.com