**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RONALD ROBERTSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 08 CV 1860** |
| **v.** | ) | **Judge Amy J. St. Eve** |
| | ) | |
| **CHICAGO TRANSIT AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**AGREED PROTECTIVE ORDER**

WHEREAS, documents and information may be exchanged, produced or exhibited by and among the parties to this litigation which relate to the employment status of persons who are not parties to this litigation, and other confidential or personnel information;

WHEREAS, it has been stipulated by and among the parties to this litigation, through their respective counsel, that the following Protective Order preserving the confidentiality of such documents and information should be entered by the Court; and

WHEREAS, the Court finds that there is good cause to enter a protective order to protect the privacy of other current and former employees of Defendant who are not a party to this litigation:

IT IS HEREBY ORDERED THAT:

1.      This Protective Order applies to all documents and information in any form (including answers to interrogatories), produced or disclosed during this litigation and designated "Confidential Information" in accordance with the procedures set forth herein.

2.      For the purpose of this Protective Order, "Confidential Information" means documents or other tangible materials, data and deposition testimony which a party designates as

Confidential pursuant to this Order and which constitute or contain information concerning employment, personnel, financial, medical or pension data on current or former employees of Defendant who are not a party to this lawsuit and which Defendant generally treats as confidential and makes a reasonable effort to protect from disclosure to the public, and which Defendant contends should be protected from disclosure to the public, and which Defendant contends should be protected from disclosure pursuant to the Protective Order.

3.      Nothing in this Protective Order shall constitute an admission by any party that information to be disclosed during discovery is confidential information.

4.      All documents subject to the Protective Order shall be marked "CONFIDENTIAL."

5.      Confidential Information subject to this Protective Order shall be used solely for purposes of this litigation between the parties, including use during testimony and as exhibits at trial, or in connection with motions, depositions or witness preparation.   Confidential Information subject to this Protective Order shall not be used for any business, commercial, competitive, personal or other purpose whatsoever.

6.      Any party may object in writing to the designation of information as Confidential Information subject to this Protective Order.  The letter shall identify the confidential material to which the objection is addressed and the grounds for the objection.  Failing agreement, the objecting party may apply to the Court for a ruling that the information sought to be protected is not entitled to confidential status, and therefore, not entitled to be subject to the Protective Order. In the event of such a dispute, the materials designated as Confidential Information subject to the Protective Order shall continue to be entitled to that protection until the Court rules.

4.  Confidential Information may only be disclosed to the following persons:

a. Counsel representing a party in this litigation and their partners, associates and employees to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation;

b. Any party to this litigation provided further that a party may not be given copies of Confidential Information and a party may only be shown Confidential Information on an as-needed basis;

c. Any person, including experts and consultants, expressly employed or retained by counsel or a party to this litigation for the purpose of assisting in the conduct of this litigation provided that such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of such assistance;

d. Persons in the course of their deposition or trial testimony, in the following circumstances:  if such document is from that person's own personnel file; if the person being deposed or testifying is or was in a position with CTA that would have allowed the person to have access to the Confidential Information in the ordinary course of CTA business; or if the person being deposed or testifying represents under oath that they had access to a specific document that has been marked "Confidential" and counsel wishes to show them that document in reference to such testimony;

e. Court reporters while in the performance of their official duties;

f. This Court or any other court to which any appeal of this litigation is taken; or

g. To any person or entity pursuant to any order of this Court or any other court or governmental agency.

8.    Any person or entity to whom Confidential Information is disclosed in accordance with this Protective Order may use that information solely in connection with the prosecution or defense of this litigation, and shall not disclose such information to any other person or entity (except as permitted in paragraph seven above) or use such information for any other purpose in violation of the terms of this Protective Order.

3

9.     Any person or entity to whom Confidential Information is disclosed, excluding the Court and Court personnel, shall agree to be bound by the terms of this Protective Order.

10.     No party shall be precluded from making copies of Confidential Information subject to this Protective Order, or from providing the same to those persons entitled to access to the documents under this Protective Order.  It is expressly understood, however, that at the conclusion of this action no further copies or dissemination may be made of such materials.

11.     Any notes, memoranda or indices prepared that are based wholly or in any part upon any examination of Confidential Information subject to this Protective Order shall likewise not be disseminated to anyone not authorized under this Protective Order to examine such documents and shall be used solely in connection with the litigation of this action.

12.     The provisions of this Protective Order shall remain in effect until such time as the parties agree to remove or modify, or the Court removes or modifies, these provisions.  The Protective Order applies to pre-trial proceedings only.  The Court shall retain jurisdiction over the parties and recipients of Confidential Information subject to this Protective Order in order to enforce the provisions of this Protective Order.

13.     Nothing in this Order shall be construed as a waiver by Plaintiff or Defendant of their respective right to object to any request for discovery.  This Order shall not be construed as an agreement by Plaintiff or Defendant to produce any documents or to supply any information and shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this or any other litigation or a waiver of any privilege or immunity with respect thereto.  Plaintiff and Defendant reserve the right to seek further protective orders from the Court in connection with any documents and other information.

14.    Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

15.    A party must obtain leave of Court before filing any documents subject to the Protective Order under seal.  The party must file a motion to obtain all documents filed under seal within 63 days after the close of the case.  Otherwise, all documents filed under seal will become part of the public record after 63 days.

16.    Within thirty (30) days of the conclusion of this litigation, all Confidential Information and any and all copies thereof shall be returned to counsel for the party who produced or disclosed the information or destroyed.

17.    A party may, at any time, petition this Court for a modification of any portion of this Order.

18.    This Protective Order may only be amended or modified by written agreement of the parties hereto, or by order of this Court.

Agreed to on behalf of the parties by their respective counsel:

**RONALD ROBERTSON**                    **CHICAGO TRANSIT AUTHORITY**


**s/  Teresa Searcy Woods**                    s/   Judith A. Kelley

Teresa Searcy Woods, Esq.                 Judith A. Kelley, Esq.
Law Offices of Teresa Searcy Woods, P.C.  CHICAGO TRANSIT AUTHORITY
30 N. LaSalle Street                      Law Department
Suite 3400                                567 W. Lake St.  6th Floor
Chicago, IL 60602                         Chicago, IL 60661
**Attorney for Plaintiff**                    **Attorney for Defendant**

August 25, 2008

                        **SO  ORDERED:**  _____

                                          AMY J. ST. EVE
                                          United States District Court Judge

5